NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

Eastern District of Kentucky
FILED
DEC 0 4 2006
AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 06-CV-271-JMH

LEIF ERIC HELLSTROM                                                    PLAINTIFF

VS:              **MEMORANDUM OPINION AND ORDER**

RON BISHOP, ET AL.                                                    DEFENDANTS

\*\*\*   \*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Leif Eric Hellstrom ("Hellstrom") is an individual presently confined at the Fayette County Detention Center ("FCDC") in Lexington, Kentucky. He filed a *pro se* civil rights action pursuant to 42 U.S.C. §1983 regarding certain conditions of his confinement on August 24, 2006 [Record No. 1].

Because Hellstrom had failed to provide the Court with documentation which demonstrated either that (1) he had exhausted available administrative remedies for each of his claims, or (2) no administrative remedy was available to exhaust, on August 31, 2006, the Court entered a Deficiency Order [Record No. 4] directing him to complete and file a Form 118. The Deficiency Order specifically indicated that, for any claim which Hellstrom alleged was not grievable, in order to satisfy his obligation to demonstrate, with evidence, that no administrative remedy was available to exhaust, he must provide the Court with a copy of FCDC's grievance policy or provide other documentation from FCDC which confirmed that he could not file a grievance with respect to his complaints. Hellstrom filed his completed Form 118 on September 21, 2006 [Record No. 7].

The Court screens civil rights complaints pursuant to 28 U.S.C. §1915A. *McGore v. Wrigglesworth*, 114 F.3d 601, 607-08 (6th Cir. 1997). As Hellstrom is appearing *pro se*, his complaint is held to less stringent standards than those drafted by attorneys. *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999). During screening, the allegations in his complaint are taken as true and liberally construed in his favor. *Urbina v. Thoms*, 270 F.3d 292, 295 (6th Cir. 2001). But the court must dismiss a case at any time if it determines the action (i) is frivolous or malicious, or (ii) fails to state a claim upon which relief can be granted. 28 U.S.C. §1915(e)(2).

## I. BACKGROUND

In his complaint, Hellstrom alleges that the inadequacy of FCDC's law library hampered his efforts to file a motion to vacate a prior conviction and that prison staff have refused to make copies of any of his motions or notarize affidavits for him. Hellstrom also complains that he is afforded fewer privileges in the segregation unit than those offered to general population inmates with respect to access to television, exercise, and recreational activities; prison staff have refused to permit him to buy paperback books or magazines from outside the prison at his own expense; the temperature is always approximately forty to fifty degrees Fahrenheit in his cell; and on one occasion he was disciplined by being denied recreation for 48 hours without prior notice or a hearing.

Hellstrom further alleged in his complaint that he was permitted to file a grievance with regard to getting the same rights as general population inmates and, as a result, was afforded more privileges. However, he maintains that his conditions nonetheless remain inadequate. He

does not indicate that he filed a subsequent grievance after his first was granted. With respect to his four other claims, Hellstrom first alleged in his complaint that he was told by FCDC staff that he could not file a grievance with respect to any of those issues. In his response to the Court's Deficiency Order, however, Hellstrom instead alleged that, with respect to his cell temperature and outside publications claims, another inmate told him that he could file a grievance on these issues but that the inmate refused to give him the forms necessary to file a grievance.

## II.    DISCUSSION

42 U.S.C. §1997e(a) requires a prisoner challenging prison conditions pursuant to 42 U.S.C. §1983, *Bivens*, or other federal law to exhaust all available administrative remedies before filing suit in federal court. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Wyatt v. Leonard*, 193 F.3d 876, 877-78 (6th Cir. 1999). It is the prisoner who must demonstrate that he has exhausted his administrative remedies. *Brown v. Toombs*, 139 F.3d 1102, 1104 (6th Cir. 1998). To do so, the prisoner must plead his claims, explain with specificity the steps undertaken to utilize available administrative remedies, and attach to the complaint copies of the agency's final decision addressing his grievance. If the prisoner demonstrates that he cannot obtain copies of the agency's final decision, he or she must describe with specificity the steps taken to utilize the administrative appeal mechanism and its outcome. *See Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).

Hellstrom's claims must be dismissed without prejudice for failure to demonstrate exhaustion of his administrative remedies. As previously noted, the prisoner bears the burden

of demonstrating that he exhausted his administrative remedies prior to filing suit. *Brown*, 139 F.3d at 1104. Hellstrom's submissions indicate that he has not challenged the sufficiency of FCDC's effort to accommodate his request for greater access to recreational activities in the segregation unit by filing a new grievance, and thus this claim is plainly not exhausted. *Wright v. Morris*, 111 F.3d 414, 416 (6th Cir. 1997) (inmate must demonstrate clear compliance with grievance procedures at the time complaint is filed).

Hellstrom has also failed to exhaust his administrative remedies with respect to his claims regarding the temperature in his cell and purchasing books from outside the prison. Hellstrom has relied upon the statements of another prisoner, not the FCDC, regarding his ability to file a grievance on these issues, and that inmate stated that these issues were in fact grievable but refused to provide Hellstrom with the necessary forms. Such reliance upon statements not made by FCDC staff was manifestly unreasonable, particularly in light of other inmate's alleged refusal to provide the plaintiff with the necessary forms. In the face of such a refusal, due diligence required Hellstrom to seek out appropriate FCDC personnel to obtain the necessary forms. *Cf. Cox v. Mayer*, 332 F.3d 422, 424-27 (6th Cir. 2003); *Wisenbaker v. Farwell*, 341 F.Supp.2d 1160, 1164 (D.Nev. 2004).

Hellstrom has also failed to demonstrate with evidence that he has no administrative remedy with respect to his claims regarding the adequacy of the law library and punishment without a hearing. Well-established Sixth Circuit law places this burden squarely upon the inmate, *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000), and Hellstrom has failed to file, as required by this Court's August 8, 2006 Deficiency Order, documentation to support his

assertion that FCDC's grievance policy does not permit him to appeal these issues. Where the record fails to demonstrate that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Brown*, 139 F.3d at 1104.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) This action is **DISMISSED**, *sua sponte*, **WITHOUT PREJUDICE**.

(2) The Court certifies that any appeal would not be taken in good faith. 28 U.S.C. §1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997); *Kincade v. Sparkman*, 117 F.3d 949 (6th Cir. 1997).

This the 1st day of December, 2006.

*/s/ Joseph M. Hood*
JOSEPH M. HOOD, CHIEF JUDGE